■ The People of the State of New York, Appellant, v Antonio Ramon, Respondent. [657 NYS2d 172] —Judgment,

Supreme Court, Bronx County (Joseph Cerbone, J.), rendered November 9, 1995, convicting defendant, upon his guilty plea, of criminal possession of a weapon in the third degree, and sentencing him as a second violent felony offender to a term of $2^1/2$ to 5 years, to run concurrently with a previously imposed, undischarged sentence of from 15 years to life, unanimously modified, on the law, to the extent of vacating the sentence and remanding the matter for resentencing pursuant to Penal Law § 70.25 (2-a), and otherwise affirmed.

At the time of defendant's guilty plea in the instant case, he admitted that in 1993 he had been convicted of second-degree murder and had been sentenced, in absentia, to an indeterminate term of 15 years to life. The court thereupon informed defendant that he must be sentenced in the instant case as a "predicate felony offender, violent, maybe a violent predicate felony offender," but promised that it would impose the minimum sentence possible, a term of from $2^1/2$ to 5 years. The court further promised that it would direct that its sentence run concurrently with the prior sentence if the court had "the power to do it."

At sentencing, without objection, defendant was adjudicated a second violent felony offender. The court then sentenced defendant in accordance with its promise, including a direction that the sentence run concurrently with the previously imposed but undischarged sentence. Prior to the imposition of sentence, the People stated that the sentences must be consecutive because there were no mitigating factors; upon the court's direction that the sentences run concurrently, the prosecutor reiterated her belief that they could not be concurrent.

The People are correct that the court exceeded its authority when it directed that its sentence run concurrently with the previously imposed, undischarged sentence. Penal Law § 70.25 (2-a) clearly provides that where a defendant who is to be sentenced as a second violent felony offender is also "subject to an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed, the court *must impose a sentence to run consecutively* with respect to such undischarged sentence." (Emphasis added.)

The instant crime occurred in 1995; the prior, undischarged sentence was imposed in 1993. Thus, defendant clearly falls within the scope of this provision and should have been sentenced to consecutive terms. Indeed, at the time of defendant's guilty plea, the court expressly recognized that it might not have the power to impose a concurrent sentence. Under

Penal Law § 70.25 (2-a), it did not, and the matter should be remanded for resentencing in accordance with that section. Although the People mistakenly cited the wrong reason for their objection to concurrent terms, the issue is nonetheless reviewable because the sentence was illegal (*People v David*, 65 NY2d 809, 810). Concur—Sullivan, J. P., Milonas, Nardelli, Williams and Mazzarelli, JJ.